## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**DANIEL ULTIMO,**

                    **Plaintiff,**

**v.**                                                            **Case No. 24-CV-339-JFH-SH**

**PROGRESSIVE TECHNOLOGIES, INC.,**

                    **Defendant.**

### OPINION AND ORDER

Before the Court is a Motion for and Opening Brief in Support of Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) ("Motion") filed by Plaintiff Daniel Ultimo ("Plaintiff"). Dkt. No. 21. Defendant Progressive Technologies, Inc. ("Defendant") filed a response in opposition to the Motion. Dkt. No. 24. Plaintiff filed a reply. Dkt. No. 27. This matter is now ripe for decision.

### BACKGROUND

Plaintiff filed this action against Defendant under the Fair Labor Standard Act ("FLSA"), alleging that Defendant required its hourly employees to work off-the-clock and/or Defendant altered its hourly employees reported time to avoid paying earned wages, including overtime wages. Dkt. No. 2 at 1. Defendant is a "full service communications and low voltage cabling contractor serving customers nation-wide." *Id*. Plaintiff worked as an hourly employee for Defendant from October 25, 2023 until June 21, 2024 in the position of "site supervisor" at Defendant's Pryor, Oklahoma site. *Id*. at 2.

Plaintiff asks the Court to conditionally certify a collective action under the FLSA and to facilitate notice. Plaintiff proposes the following definition for the collective:

> All employees of Progressive Technologies, Inc. who were paid an hourly rate at any time since three (3) years prior to filing this Complaint (the "FLSA Collective").

*Id*. at 3.  Thus far, Plaintiff is the only individual to have opted in by filing a "Consent to Join Collective Action" form.  Dkt. No. 2-1.

## ARGUMENT AND AUTHORITIES

### I.    Conditional Certification

#### a.  Standard

The FLSA permits employees to bring an action against an employer for unpaid wages and overtime compensation "for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  To join such a collective action, other employees may opt-in by filing a written consent in the court in which the action is brought.  *Id*.

Courts have discretion to determine whether to certify a § 216(b) collective action.  The operative question is whether the original plaintiff and the opt-in plaintiffs are similarly situated.  *Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001).  To make such a determination, the Tenth Circuit has adopted a two-stage, *ad hoc* approach.  *Id*. at 1105.  In the first stage, the plaintiff must make "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Id*. at 1102 (internal citations omitted).  At this initial stage, the plaintiff's burden is light, and the court does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiff's claims.  *See Greenstein v. Meredith Corp*., 948 F. Supp. 2d 1266, 1267 (D. Kan. 2013) (citing *Gieseke v. First Horizon Home Loan Corp*., 408 F. Supp. 2d 1164, 1166–67 (D. Kan. 2006)).  The court's determination relies solely on the allegations in plaintiff's complaint and supporting affidavits.  *See Stallings v. Antero Res. Corp*., No. 1:17-CV-01939-RM-NYW, 2018 WL 1250610, at *6 (D. Colo. Mar. 12, 2018) (explaining that a court can rely on "a plaintiff's pleadings and declaration or affidavit" when determining

2

whether the putative collective were victims of a single policy, plan, or decision), R. & R. adopted by 2018 WL 2561046 (D. Colo. Apr. 16, 2018).

At the second stage, after the collective action has been conditionally certified and discovery has been completed, the defendant may move to decertify the collective. *Thiessen*, 267 F.3d at 1102-03. At that time, the court employs a stricter standard and considers particular factors to determine whether opt-in plaintiffs are similarly situated. *Id*.

        b.  *Application*

As this case is in the initial stage, the Court will apply the *ad hoc* approach, and Plaintiff bears the burden of making substantial allegations that the potential collective members were victims of a single decision, policy, or plan by Defendant. In support of his request for conditional certification, Plaintiff has submitted: (1) a Declaration of Plaintiff Daniel Ultimo; (2) screenshots of the digital time tracking system used by Progressive to electronically record and track employees' clock-in and clock-out times; (3) an email with the subject line "Daily report 6-10" sent by Plaintiff to Gene Kink, Connie McPherson, and Sergio Pina on June 10 at 6:16 p.m.; (4) a time sheet for the dates of June 10, 2024 through June 15, 2024, specifically showing that Plaintiff clocked in on June 10, 2024 at 6:49 a.m. and clocked out on June 10, 2024 at 4:49 p.m. for a total of ten hours; (5) an email from Taneisha Lomax, Payroll Team Manager, conveying Plaintiff's request for original time punch records demonstrating changes made to time punches and confirming that the requested records are available and must be provided to Plaintiff; and (6) a list of putative collective members who worked at the Pryor, Oklahoma location like Plaintiff. Dkt. No. 21-1.

Plaintiff uses June 10, 2024 as an example of Defendant's policy of altering its hourly employees' timecards to avoid paying overtime. *Id*. at 4. Plaintiff states that he reported to work

3

on June 10, 2024 at 6:15 a.m. before his shift was scheduled to begin at 6:30 a.m.  *Id*.  Plaintiff

states that he finished working that day at 6:16 p.m. when he submitted his daily report by email

to Gene Kink, Connie McPherson, and Sergio Pina.  *Id*.  Plaintiff states that his actual time worked

that day was twelve hours.  However, when he reviewed his timecard, he noticed that his clock-in

and clock-out times had been altered to reflect only ten hours of work.  Plaintiff alleges that this is

part of Defendant's policy of altering its hourly employees' timesheets to avoid paying overtime.

Plaintiff further alleges that in his role as site supervisor, it was part of his duty to track

employee hours for submission to payroll and to process other workers' time and attendance

records.  Dkt. No. 21-1 at 3.  Plaintiff alleges that to do his job, it was necessary to report to work

before the scheduled shift began to adequately prepare for the job.  *Id*.  Plaintiff alleges that, for

this same reason, other hourly workers also reported to work before their scheduled shifts.  *Id*.

Plaintiff alleges that Defendant required that employees' time sheets reflect the scheduled shift

start and end times, rather than the employees' actual start and end times.  *Id*. at 4.  Plaintiff alleges

that if employees' time sheets reflected anything other than the scheduled shift start and end times,

Defendant would alter the time in the payroll platform to reflect the scheduled shift hours.  Dkt.

No. 21-1 at 4.  Plaintiff alleges that he spoke about this issue with other hourly employees on his

crew and they stated that Defendant employs this practice on a company-wide basis and that they

had experienced this same practice while working for Defendant at other worksites outside of

Oklahoma as well.  *Id*.  Plaintiff alleges that he discussed his concerns with Defendant's

management and was told that Defendant's policy was to only pay for scheduled hours and that

any hours worked outside of the scheduled hours were "on [him]."  *Id*.  Plaintiff alleges that other

hourly employees who worked for Defendant would join in the lawsuit if given notice and

opportunity.  *Id*. at 5.  Plaintiff included a list of putative collective members which consisted of

hourly workers from Defendant's Pryor, Oklahoma worksite.  Dkt. No. 21-2 at 2.

Based on the allegations and evidence submitted to the Court, the Court concludes that Plaintiff has made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" by Defendant.  *Thiessen*, 267 F.3d at 1102.  Accordingly, the Court will conditionally certify Plaintiff's proposed collective.  However, the Court must modify Plaintiff's proposed definition for the conditional collective as it relates to the limitations period.  As noted above, Plaintiff proposes a conditional collective consisting of "[a]ll employees of Progressive Technologies, Inc. who were paid an hourly rate at any time since three (3) years prior to filing this Complaint."  Dkt. No. 2 at 3.  The filing of a complaint is not relevant to the limitations period for opt-in FLSA plaintiffs.  Rather, an action commences for an opt-in plaintiff on the date he or she files "written consent to become a party plaintiff . . . ." 29 U.S.C. § 256.  "Other district courts in this circuit have reasoned that, because opt-in plaintiffs cannot join a collective action prior to the class being conditionally certified and notice being provided, the three year [FLSA limitations] period should end with the date of conditional certification." *Sharp v. CGG Land (U.S.) Inc.*, No. 14-CV-0614-CVE-TLW, 2015 WL 222486, at *6 (N.D. Okla. Jan. 14, 2015) (citing cases). Accordingly, the Court will replace the phrase "at any time since three (3) years prior to filing this Complaint" with "at any time during the period beginning September 25, 2022, and ending September 25, 2025" in the definition of the collective.[1]

## II.    Notice

Plaintiff requests that the Court approve the proposed notice forms, methods of distributing

---

[1]  FLSA claims have a two-year statute of limitations, except that a cause of action arising from a willful violation has a three-year statute of limitations. 29 U.S.C. § 255(a). "Courts generally use the three year limitations period in first stage conditional certification, despite the requirement of a willful violation, because the question of willfulness speaks to the merits of the case." *Sharp*, 2015 WL 222486, at *5.

notice, and notice schedule, and order Defendant to provide Plaintiff with the contact information for potential opt-in plaintiffs. Dkt. No. 21 at 11. Defendant argues that the Court should reject Plaintiff's proposed communication mechanisms "as overreaching and duplicative." Dkt. No. 24 at 12. Specifically, Defendant argues that multiple methods of notice are unnecessary. *Id*.

Courts in this circuit have recognized that the use of multiple methods of communication is effective and increasingly routine in FLSA jurisprudence. *See Calvillo v. Bull Rogers, Inc*., 267 F. Supp. 3d 1307, 1312 (D.N.M. 2017) ("Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved."); *Bagoue v. Developmental Pathways, Inc*., No. 16-CV-01804-PAB-NRN, 2019 WL 1358842, at *4 (D. Colo. Mar. 25, 2019) ("The Court finds, as it has in previous cases, that sending notice by all three methods is likely to 'increase the probability of apprising collective action members of their rights'") (quoting *Lindsay v. Cutters Wireline Serv., Inc*., No. 17-cv-01445-PAB-KLM, 2018 WL 4075877, at *3 (D. Colo. Aug. 27, 2018)). Courts in this district have also recognized the value in allowing a reminder notice. *See Heitzman v. Calvert's Express Auto Serv. & Tire, LLC*, No. 22-CV-2001-JAR-ADM, 2022 WL 5241927, at *8 (D. Kan. Oct. 6, 2022) (approving plaintiff's request for a reminder notice because courts typically allow them and "defendant offer[ed] no specific reason why they should not be [allowed] in this case"); *Landry v. Swire Oilfield Servs., L.L.C*., 252 F. Supp. 3d 1079, 1130 (D.N.M. 2017) ("Those courts that allow a reminder emphasize that it serves the FLSA's broad remedial purpose by ensuring that as many potential plaintiffs as possible are informed of the collective action and their right to opt-in.") (internal quotations omitted).

In light of this persuasive case law, the Court is not convinced by Defendant's argument.

Accordingly, the Court will allow notice to be sent via United States mail, email, and text message, and a reminder notice to be sent via United States mail, email, and text message to provide the opportunity for as many putative plaintiffs as possible to be made aware of this pending action. However, a reminder notice may not be sent to any putative plaintiffs who have affirmatively opted out in response to the original notice. *See Sanders v. Glendale Rest. Concepts, LP*, No. 19-CV-01850-NYW, 2019 WL 6799459, *5 (D. Colo. Dec. 13, 2019) (explaining that a plaintiff should send reminder notices only to potential opt-in plaintiffs who have not affirmatively declined to join the collective). Because the Court authorizes mail, email, and text message notice distribution, the Court orders Defendant to produce the names, last known home addresses, phone numbers, and email addresses of potential opt-in plaintiffs in an electronically manipulable format within fifteen (15) days of the entry of this Order.

The Court notes Defendant's request for the use of a third-party administrator to issue notice to putative plaintiffs in this case. Dkt. No. 24 at 13. Defendant argues that the use of a third-party administrator will "protect the privacy of the potential class" as many putative plaintiffs will likely "feel uncomfortable receiving the notice at all." *Id*. However, Defendant fails to explain how having a third-party administrator, rather than Plaintiff's counsel, send the notice will help if indeed potential class members will "feel uncomfortable receiving the notice at all" regardless of who the notice comes from. Defendant further fails to explain how the use of a third-party administrator would "prevent cumulative communications to putative class members." *Id*. For these reasons, this request is denied.

Finally, the Court finds that additional amendments to the notice are necessary to ensure that the notice is fair, accurate, and informative. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) (holding that district courts have discretion to authorize the form of notice sent to

potential collective members and the "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."); *Prince v. Kan. City Tree Care*, LLC, No. CV 19-2653-KHV, 2020 WL 3217103, at *3 (D. Kan. June 15, 2020) (holding that while the Court "should not alter plaintiff's proposed notice unless such alteration is necessary[,]" "the Court has the power and duty to ensure that the notice is fair and accurate . . . ."). First, the Court notes that the case number as referenced in the text notice in Exhibit 6 should be amended to reflect the entirety of the case number "24-CV-339-JFH-SH." Next, Paragraph 5 of the "Notice of Collective Action Lawsuit" attached as Exhibit 3 should be amended to reflect that opt-in plaintiffs may proceed in the case with Plaintiff's counsel, Bohrer Brady, LLC, with their own counsel, or pro se. *See Stallings v. Antero Res. Corp*., No. 1:17-CV-01939-RM-NYW, 2018 WL 1250610, at *8 (D. Colo. Mar. 12, 2018) (finding a plaintiff's notice "inaccurately suggest[ed] that opt-in plaintiffs must be represented by [the plaintiff's counsel] and fail[ed] to advise potential opt-in plaintiffs that they may secure their own representation or proceed pro se"). Likewise, the language in Paragraph 4 of the "Notice of Collective Action Lawsuit" in Exhibit 4 stating that "[i]f you want to join this case, you must sign and return the attached Consent Form . . ." must be removed because the Consent Form includes an agreement for Plaintiff's counsel to represent the opt-in plaintiff. Again, an opt-in plaintiff is not required to be represented by Plaintiff's counsel. The Court suggests the following revision:

> A Consent Form is enclosed within this notice. Because the right to claim unpaid wages expires after three years for willful FLSA violations, your eligibility to join this collective will depend on the date you or your attorney opt-in to the lawsuit. Therefore, if you choose to join this lawsuit, it is extremely important that you read, sign, and promptly mail the Consent Form to Bohrer Brady, LLC at the below address in the enclosed self-addressed stamped envelope, fax it to 225-231-7000, email it to info@bohrerbrady.com, or complete the form electronically at https://bohrerbrady.com/progressivetech, or, alternatively, you

should promptly contact another attorney of your choosing.  **If you complete and submit the enclosed Consent Form, you are consenting to join the collective <u>and</u> to Bohrer Brady, LLC representing you in this matter.**

Additionally, the "Notice of Collective Action Lawsuit" should include some language explaining how an individual can opt-in if they wish to proceed pro se.  Revised notice documents in accordance with this Order should be filed for the Court's review within seven (7) days following the entry of this Order.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for and Opening Brief in Support of Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) [Dkt. No. 21] is GRANTED IN PART AND DENIED IN PART.  It is granted as to conditional certification, the means of distributing notice, the proposed notice schedule, and the scope of the disclosure. It is denied in part as to the notice's form as set forth herein.  The Court conditionally certifies a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act for the following collective of persons:  "All employees of Progressive Technologies, Inc. who were paid an hourly rate at any time during the period beginning September 25, 2022, and ending September 25, 2025."  Defendant shall provide Plaintiff with a list of putative collective members' names, last known home addresses, phone numbers, and email addresses of potential opt-in plaintiffs in an electronically manipulable format within fifteen (15) days of the Court entering this Opinion and Order.

IT IS FURTHER ORDERED that Plaintiff's request for approval of the proposed notice is denied.  Plaintiff shall file the new proposed notice forms no later than seven (7) days after the entry of this Order, revised in accordance with this Order, to be reviewed by the Court.

Dated this 25th day of September 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE